IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GANDY CORPORATION,**

    **Plaintiff,**

v.                                                         NO. 06-CV-318 WPL/LCS

**DUKE ENERGY FIELD SERVICES, L.P.
and ALL UNKNOWN CLAIMANTS,
and PATRICK H. LYONS,
in His Official Capacity as Commissioner,**

    **Defendants.**

**MEMORANDUM OPINION AND
ORDER GRANTING MOTION TO DISMISS**

    Patrick H. Lyons, Commissioner of Public Lands, has filed a Motion to Dismiss Gandy Corporation's claims against him. (Doc. 9.) In his Motion, the Commissioner asserts that any claims against him in federal court are barred by the Eleventh Amendment to the United States Constitution. In response, Gandy asserts that the Commissioner is a necessary and indispensable party to Gandy's action against Duke Energy Field Services, the other defendant. Gandy also asserts that, under NMSA 1978, Section 42-6-12, the State has consented to be named as a party in foreclosure and quiet title actions in which the State has acquired an interest in the land. I have considered the briefs, pleadings, and applicable law, and hereby grant the Commissioner's motion to dismiss on the ground that he is not an indispensable party to this case.

    The Eleventh Amendment sets out a jurisdictional bar to suits brought against state governments in federal court. U.S. CONST. amend. XI. The parties have not adequately briefed this

issue to allow me to analyze and rule upon it. The extent of the briefing from the Commissioner on this issue is a quotation of the Eleventh Amendment. The Commissioner has not cited a single case to support an argument that Gandy's claim is barred by the Eleventh Amendment. The briefing by Gandy is similarly deficient. Gandy's entire analysis of this issue is found in two sentences that merely cite to Section 42-6-12.

The law of the Eleventh Amendment is extremely complex, "replete with historical anomalies, internal inconsistencies, and senseless distinctions," and has "become an arcane specialty of lawyers and federal judges." *Welch v. Tex. Dep't. of Highways and Pub. Transp.*, 483 U.S. 468, 520 n.20 (1987) (Brennan, J., dissenting) (quoting J. ORTH, THE JUDICIAL POWER OF THE UNITED STATES 11 (1987)). Because he has failed to brief this issue, the Commissioner has not established that he is entitled to dismissal of this action under the Eleventh Amendment.

However, Gandy's case against the Commissioner must be dismissed because the Commissioner is not an indispensable party. Plaintiff relies upon *Burguete v. Del Curto*, 163 P.2d 257 (N.M. 1945) to argue that the Commissioner is a necessary and indispensable party any time that an interest in state lands is litigated. Gandy claims that the rule set out in *Del Curto* was "further clarified" by *Swayze v. Bartlett*, 273 P.2d 367 (N.M. 1954). Although the Court in *Swayze* did not specifically overrule *Del Curto*, it determined that *Del Curto* erroneously applied the doctrine of indispensable parties, and set out the "true rule" that the Commissioner is a necessary party to litigation between private parties involving state lands only when the controversy involves a question concerning the legality of the lease, the eligibility of the lessee under the lease, the performance of the lease, reservations in the lease, or a matter of public policy requiring a decision by the Commissioner.

*Id.* at 371.[1]

Gandy admits that it has not asserted any claims for relief against the Commissioner. (Doc. 14 at 1.) Gandy's Complaint for debt and money due and foreclosure of oil and gas leases does not present any issues concerning the legality of the state leases, the eligibility of the lessees under the leases, the performance of the leases, or reservations contained in the leases. I further find that there are no matters of public policy that require the participation of the Commissioner.

It is therefore ordered that the Commissioner's Motion to Dismiss is granted. The Commissioner is also entitled to his recoverable costs.

It is so ordered.

_____
WILLIAM P. LYNCH
UNITED STATE MAGISTRATE JUDGE

---

[1] *Swayze*, and not *Del Curto*, is discussed at length in *Sims v. Sims*, 930 P.2d 153 (N.M. 1996). It is curious that Gandy does not cite the *Sims* case in its briefing, since Gandy's counsel was counsel of record for Aline Sims before the New Mexico Supreme Court. *Id.* at 154.